IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLISON POWELL,

   Plaintiff,

    v.

BAC HOME LOANS SERVICING,
LP, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-4188-TWT

**OPINION AND ORDER**

This is a wrongful foreclosure case. It is before the Court on the Plaintiff Allison Powell's Motion to Remand [Doc. 8]. For the reasons set forth below, the Motion to Remand [Doc. 8] is GRANTED.

**I. Background**

The Plaintiff Allison Powell purchased property located in Lithonia, Georgia. (Compl. ¶ 5.) To finance this purchase, the Plaintiff signed a promissory note and a security deed in favor of the Defendant Bank of America Corporation. (Compl. ¶ 5.) The Plaintiff fell behind on her payments, and Bank of America allegedly offered to modify her loan terms. (Compl. ¶ 6.) In September of 2010, even though loan modification negotiations were allegedly underway, Bank of America initiated the foreclosure process. (Compl. ¶ 6.) Bank of America and the Defendant BAC Home

Loans Servicing, LP allegedly failed to provide "adequate notice pursuant to the deed . . . or the law of Georgia . . . to put plaintiff on notice of BOA's interest in the property or of its intent to foreclose on plaintiff's interest in said property."[1] (Compl. ¶ 6.) The Plaintiff alleges that the arrearage on her loan is about $18,000, and that she offered to tender this amount. (Compl. ¶ 7.) The Plaintiff brought suit against the Defendants, asserting a claim for wrongful foreclosure under Georgia law. (Compl. ¶¶ 17-18.) The Defendants removed the action to this Court, citing only federal question jurisdiction as the basis. The Plaintiff moves to remand.

## II. Discussion

"If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." <u>Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. California</u>, 463 U.S. 1, 8 (1983) (citing 28 U.S.C. § 1447(c)). "On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter

---

[1] The Plaintiff amended her Complaint to include an allegation that the Defendants also breached their duty to the Plaintiff by "alleging that they had foreclosed on Plaintiff's home when they had not, by failing to record a deed under power within ninety (90) days of a foreclosure sale . . . and by ejecting Plaintiff from her home without authority." (Am. Compl. ¶ 20.)

jurisdiction."[2] <u>Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1343 (11th Cir. 2009). "The determination of whether plaintiffs' case arises under federal law is made by reference to the complaint." <u>Hill v. Marston</u>, 13 F.3d 1548, 1549 (11th Cir. 1994). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996). However, a case may still arise under federal law even if state law creates the cause of action. <u>See</u> <u>id.</u> "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005). "The removal statute should be construed narrowly with doubt construed against removal." <u>Diaz</u>, 85 F.3d at 1505; <u>see also</u> <u>University of S. Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, the Plaintiff's Amended Complaint only includes wrongful foreclosure claims brought under Georgia law. There is no indication that the Court would necessarily have to resolve a substantial and disputed question of federal law when disposing of these claims.[3] The Defendants nevertheless argue that the Plaintiff's claims still arise under federal law. First, the Defendants contend that the Plaintiff, in her deposition, stated that she believed that the Defendants had violated the Servicemembers Civil Relief Act ("SCRA"). (Defs.' Resp. to Pl.'s Mot. to Remand, at 5-6.) But for the Court to have federal question jurisdiction, the federal question must appear "on the face of the plaintiff's well-pleaded complaint." Connecticut State Dental Ass'n, 591 F.3d at 1343; see also Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840 (1989) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint' rule."). The Amended Complaint contains no reference to the SCRA.

---

[3] The Defendants assert that the Plaintiff's wrongful foreclosure claim could raise issues of federal law because the Plaintiff may "argue that the foreclosure was improper because it occurred while she was [on] active duty." (Defs.' Resp. to Pl.'s Mot. to Remand, at 6-7.) There is no explanation for how any of the Plaintiff's wrongful foreclosure claims may hinge on this fact. Nor is there any explanation for how it would require the Court to resolve a question of federal *law*. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). The Defendants cite to no authority for their assertion, and rely solely on a comment that the Plaintiff made in a deposition. (Defs.' Resp. to Pl.'s Mot. to Remand, at 5.)

Second, the Defendants argue that the Plaintiff is impermissibly using "artful pleading" to conceal the federal question. (Defs.' Resp. to Pl.'s Mot. to Remand, at 6.) The Defendants misunderstand the applicable rule.[4] It is true that "a plaintiff may not defeat removal by omitting to plead *necessary* federal questions in a complaint." Franchise Tax Bd., 463 U.S. at 22 (internal quotation marks omitted) (emphasis added). Thus, for example, the "artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim," Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998), or when the plaintiff "pleads . . . a state cause of action the merits of which turn on an important federal question," Ayres v. Gen. Motors Corp., 234 F.3d 514, 518 n.7 (11th Cir. 2000) (quoting 14B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3732, at 333 (3d ed. 1998)). But there is nothing suspect about a plaintiff only asserting state law claims – that do *not* raise disputed and substantial federal issues – in order to keep her case in state court. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[S]ince the plaintiff is the master of the complaint, the

---

[4] It is worth noting that, to support their argument, the Defendants cite to a decision of this Court which relied on a footnote found in Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981). (Defs.' Resp. to Pl.'s Mot. to Remand, at 6.) The Supreme Court later clarified that the "*Moitie* footnote . . . was a marginal comment and will not bear the heavy weight lower courts have placed on it." Rivet, 522 U.S. at 477 (1998).

well-pleaded-complaint rule enables him, by eschewing claims based on federal law . . . to have the cause heard in state court.") (internal quotation marks omitted); Franchise Tax Bd., 463 U.S. at 22 ("[T]he party who brings the suit is master to decide what law he will rely upon."). That is precisely what the Plaintiff did here. It is immaterial that the alleged facts could have also supported a federal claim under the SCRA. Accordingly, the Court does not have subject-matter jurisdiction over the Plaintiff's claims. Because the Defendants have not met their burden of establishing that the Court has subject-matter jurisdiction, the Court may not rule on the Defendants' pending motions.  See University of S. Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

### III. Conclusion

For these reasons, the Plaintiff's Motion to Remand [Doc. 8] is GRANTED.

SO ORDERED, this 15 day of April, 2014.


                /s/Thomas W. Thrash
                THOMAS W. THRASH, JR.
                United States District Judge